SENADOR INTERNATIONAL,
INC. Plaintiff(s)

v.

KING BROS. INDUSTRIES,
et al Defendant(s)

No. CIV.01–1786 JAG.

United States District Court,
D. Puerto Rico.

Jan. 16, 2002.

Vanessa Viera–Rabel, Pinto–Lugo & Rivera, San Juan, PR, for Plaintiff.

Luis Sanchez–Betances, Sanchez Betances & Sifre, San Juan, PR, Robert A. Levinson, Stuart L. Leviton, Levinson & Kaplan, APC, Encino, CA, for Defendant.

## OPINION AND ORDER

GARCIA GREGORY, District Judge.

Before the Court is defendant King Bros. Industries, Inc.'s ("King Bros.") unopposed motion to transfer this action to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court grants the motion.

## FACTUAL BACKGROUND

On June 12, 2001, plaintiff Senador International, Inc. ("Senador") filed a Complaint before this Court, alleging that King Bros. had breached an exclusive distribution agreement, in violation of Puerto Rico Law 75, 10 L.P.R.A. § 278. *See* Complaint at 2–4. Senador claims that it sold King Bros.'s products in Puerto Rico for eight years, and that on June 12, 2000, King Bros. unilaterally ended the relationship. Senador contends that King Bros. lacked just cause to terminate the agreement, and did not provide Senador with an opportunity to engage in good faith negotiations regarding the existing contract. King Bros., for its part, contends that Senador did not meet its sales expectations, notwithstanding its attempts to work with Senador to increase sales in the Puerto Rico territory.

## DISCUSSION

Under § 1404(a), a district court may transfer any civil action to any other dis-

trict where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000). "Section 1404(a) is intended to place discretion in the District Court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (*quoting Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). A determination of venue under § 1404(a) lies in the sound discretion of the district court. *See Cianbro Corp. v. Curran–Lavoie,* 814 F.2d 7, 11 (1st Cir.1987).

The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum. *See Coady,* 223 F.3d at 11 (*citing Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). The factors to be considered by the Court when considering a motion to transfer include the convenience of the parties and witnesses, and the availability of documents. *See Cianbro Corp. v. Curran–Lavoie,* 814 F.2d 7, 11 (1st Cir.1987). The moving party must establish that the factors supporting transfer predominate. *Id.*

Here, Senador has failed to oppose King Bros. motion to transfer venue. While not dispositive of the inquiry, Senador's position suggests that it either does not object to the request or that it would not be prejudiced by a transfer. Its posture makes it difficult for the Court to conclude that transfer would not be in the interests of justice.

Here, King Bros. contends that the case should be transferred to the Central District of California because all of the factors that the Court should consider when ruling on a § 1404 motion weigh heavily in its favor. *See* Docket No. 9 at 2–4; Docket No. 10. In support of its transfer request, King Bros. has submitted a declaration from Ron Modugno, Vice President of Sales and Marketing for King Bros. *See* Docket No. 10. Modugno's declaration shows that virtually all of King Bros.'s witnesses, offices, and documents are located in California. *See* Modugno Dec., ¶¶ 3–4, 8–9. Therefore, the Court finds that King Bros. has satisfied its burden on this application, demonstrating that the relevant events, witnesses and documents are located, for the most part, in California, and that Senador would not be prejudiced by the transfer of this action. This finding is supported by Senador's failure to file a motion opposing the transfer request.

There can be little doubt that this case could have been filed in the United States District Court for the Central District of California, Western Division, where King Bros. has its offices. Accordingly, the district to which King Bros. requests a transfer is one in which the action "could have been brought" pursuant to § 1404(a). Since Senador has expressed no opposition to the change of venue request, the Court hereby grants King Bros.'s motion, and transfers this case to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For the convenience of witnesses and in the interests of justice, defendant King Bros.'s unopposed motion to transfer under § 1404(a) is granted. The Clerk of the Court is directed to remove this action from the Court's active docket and transfer it to the United States District Court

for the Central District of California, Western Division.

IT IS SO ORDERED.